1  Andrew J. Ogilvie (SBN 57932)
2  Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
   445 Bush Street, 6th Floor
3  San Francisco, CA 94108
4  Ph: (415) 861-2265
   Fax: (415) 861-3151
5  ajogil@kaboblaw.com

6  Christopher Green
7  Attorney at Law
   225 106th Ave NE
8  Bellevue WA 98101
   (206) 686-4558
9  Fax: (206) 686-2558
10 Chris@MyFairCredit.com

11  Attorneys for Plaintiff Robert Saindon

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
AT SAN FRANCISCO**

CV 08  1744

| Robert Saindon, | CAUSE NO: |
|---|---|
| Plaintiff, | Complaint |
| v. | (Fair Credit Reporting Act 15 USC § 1681 *et seq.*, Fair Debt Collection Practices Act, 15 USC § 1692 *et seq.*, and related state law claims.) |
| Equifax Information Services LLC, Roger Schulke dba S R Financial Services, and Stephen Lawrence dba S R Financial Services, | |
| Defendants. | Demand for Jury Trial |

**Jurisdiction**

1. This Court has jurisdiction pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of pendent jurisdiction. Venue lies in the Northern District of California as several defendants are located within this district.

Complaint                                                                                                          1

## Preliminary Statement

2. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C sections 1681 *et seq.* ("FCRA) and for pendent state claims brought as supplemental claims.

3. Plaintiff lives in Montana and is a "consumer" as defined by section 1681a(c) of the FCRA.

4. Equifax Information Services LLC, ("Equifax"), is a foreign limited liability company licensed to do business in the states of Montana and California.

5. Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Roger Schulke and Stephen Lawrence, both doing business as S R Financial Services ("SR Financial") are each doing business in California and have an address and office in San Francisco, California.

7. Roger Schulke and Stephen Lawrence are each furnishers of information as contemplated by FCRA section 1681s-2(a) & (b), who regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## Factual Allegations

8. Plaintiff's creditworthiness and privacy have been repeatedly compromised by the acts, and omissions of the defendants.

9. Upon information and belief, on some day before 1998, in some manner unknown to plaintiff, an account was opened with Chevy Chase Bank. Plaintiff doesn't know if it was opened using his identity, merely an identical name, or in some other name and transferred into the name of plaintiff. Plaintiff did not open the account.

10. Chevy Chase Bank affirms the plaintiff is not liable for the debt and it should be deleted from his credit report.

11. Roger Schulke and Stephen Lawrence bought the debt and purported to operate a collection agency named SR Financial Services.

12. Upon information and belief, neither Roger Schulke nor Stephen Lawrence notified plaintiff it was attempting to collect the debt in his name and further did not inform him it was reporting this alleged debt on his credit report.

13. In or about the spring of 2005, plaintiff applied for a credit card and was declined based on an Equifax credit report listing a collection account by Roger Schulke and Stephen Lawrence.

14. Plaintiff disputed the listing on his credit report with "SR Financial."

15. On or about May 10, 2005, Equifax sent plaintiff a letter stating it could not find his credit report.

16. On or about June 1, 2005, plaintiff again attempted to dispute the account using a phone number provided by Equifax for credit report disputes.

17. Roger Schulke and Stephen Lawrence continued to seek collection of the alleged debt by reporting it on plaintiff's credit report.

18. In or about January, 2006 plaintiff again received a notice of adverse action related to an Equifax credit report after applying for credit; this discovery began a long frustrating ordeal for the plaintiff.

19. In or about March, 2006 plaintiff sent Equifax a letter regarding the derogatory information contained in his Equifax credit report.

20. Upon information and belief Equifax failed to complete any investigation of the false, defamatory information it was reporting on plaintiff's credit report.

21. In or about May, 2006, plaintiff once again disputed to Equifax the false information it was reporting on his credit report.

22. In or about June, 2006, Equifax responded to plaintiff that it had no credit file on him, failing to complete any investigation and continued to report false, defamatory information on his credit report.

23. In or about July, 2006, plaintiff was denied another loan.

24. Upon information and belief, Roger Schulke and Stephen Lawrence's collection operation consists primarily of a small, approximately 10 foot by 20 foot office on the second floor of a commercial building in San Francisco.

25. Upon information and belief the office has a single phone line and there is no staff present in the office.

26. Upon information and belief, Roger Schulke and Stephen Lawrence come by the office primarily to pick up mail.

27. Upon information and belief, the portfolio of debt they bought was almost worthless as it was of doubtful legitimacy and further was beyond the statute of limitations if any of the debt was legitimate.

Complaint                                                                                                                                      4

28. Upon information and belief, the only way most consumer will pay a debt as doubtful as those in the portfolio Chevy Chase debt Roger Schulke and Stephen Lawrence bought is to illegally list the account on the consumer reports of consumers and reverify the debt to credit reporting agencies. This scheme also allows them to find the current address (provided by Equifax during the consumer dispute verification process) of their victims in order to send dunning letters.

29. Upon information and belief, Equifax did little or no investigation of fraudulent furnishers of credit like Roger Schulke and Stephen Lawrence.

30. Upon information and belief, Equifax does not investigate and/or has no warning or system to learn when a high percentage of the debts it reports for a particular collection agency or furnisher are disputed.

31. Further, Equifax did no independent investigation of plaintiff's claims of fraud and false reporting by Roger Schulke and Stephen Lawrence.

32. Further upon information and belief, Equifax's investigation procedures and maintenance of data was so flawed it could not detect the false reportings by Roger Schulke and Stephen Lawrence both as an individual matter as to plaintiff and upon information and belief as to other consumers whose information was falsely reported by the defendants.

33. In or about August, 2006 plaintiff wrote the Montana Department of Justice which resulted in a dispute forwarded to the California Department of Justice which was forwarded to SR Financial and a separate dispute to Equifax. SR Financial and Equifax refused to remove the false entry from plaintiff's credit report.

/ / /

Complaint                                                                                                              5

34. In or about September, 2006, plaintiff requested a copy of his Equifax credit report and found it was still listing the false derogatory Chevy Chase account furnished by SR Financial.

35. In or about October, 2006, Equifax investigated plaintiff's dispute, contacted SR Financial and then reverified the false defamatory reported by Roger Schulke and Stephen Lawrence.

36. Roger Schulke and Stephen Lawrence failed to investigate and order the deletion of the debt and continued to collect the account by continuing to report a false, derogatory account to Equifax and associated the account with plaintiff.

37. In or about October 4, 2006, plaintiff wrote another letter to SR Financial disputing the debt.

38. On or about October 11, 2006, plaintiff wrote Equifax again demanding an investigation.

39. In or about October, 2006, Equifax responded that it had deleted the credit report entry by SR Financial.

40. In or about November, 2006, SR Financial reaffirmed the alleged debt.

41. In or about November, 2006, Equifax reinserted the SR Financial account into plaintiff's credit report.

42. Upon information and belief, some date before 1998 is the "Date of First Delinquency/FCRA Compliance Date" and determines the beginning of the running of the obsolescence period under the FCRA at section 1681c.

43. Upon information and belief, Roger Schulke and Stephen Lawrence regularly reports to Equifax in a format known as METRO and/or METRO 2.

44. METRO 2 format reporting was created by the credit industry to comply with 1996 amendments to the FCRA.

45. The definitive guide to reporting in METRO 2 format is the Credit Reporting Resources Guide published by the Associated Credit Data Industry Association.

46. In or about November, 2006 Roger Schulke and Stephen Lawrence aka SR Financial reported Field 25 known as the "FCRA Compliance/Date of First Delinquency".

47. At all relevant times, Roger Schulke and Stephen Lawrence aka SR Financial intentionally reported erroneous dates for the "FCRA Compliance/Date of First Delinquency" in order to falsely allow the account to report long after its true date of first delinquency. The purpose of this deception was to make the false information continue to appear on plaintiff's consumer report(s).

48. Section 1681c of the FCRA bars a consumer reporting agency from reporting on a consumer's report all accounts placed for collection or charged to profit and loss that antedate the report by more than seven years or any adverse item of information which antedates the report by more than seven years.

49. Plaintiff made exhaustive attempts to resolve the false reporting by contesting the entry directly in writing and by phone with Chevy Chase Bank, state law enforcement offices in Montana and California, Equifax, SR Financial and other entities over the past two years.

50. Equifax's actions in reporting SR Financial's false information was negligent and, doing so after notice by plaintiff was reckless and/or willful.

51. Although Equifax claims to operate a sophisticated, searchable database, it failed to conduct the most basic background check of Roger Schuke and Stephen Lawrence to see whether they had, for instance, been sued, defaulted in suits or had Federal Trade Commission

enforcement actions against them. Roger Schulke had at least two defaults in United States District Courts and Stephen Lawrence had been the target of a Federal Trade Commission enforcement action. Exhibit 1.

52. Upon information and belief, Stephen Lawrence is infamous in the Bay Area collection community and a modest check would have revealed this to Equifax.

53. Equifax turned the power of its database, credit reporting system and reports to third parties to Roger Schulke and Stephen Lawrence to use to abuse, defame and humiliate consumers nationwide. As a final insult, Equifax provided Roger Schulke and Stephen Lawrence with confidential information of consumers that they can use to further their illegal collection scheme including the harvesting of addresses to send dunning letters after Equifax verifies and reinserts the false information on consumer reports of consumers such as plaintiff.

54. Upon information and belief, Equifax failed to conduct any reasonable investigation, merely parroting Roger Schulke and Stephen Lawrence.

55. Upon information and belief, other consumers contested information reported by SR Financial, and Equifax failed its duty of care to plaintiff as it had reason to know the source of the information and the results of investigation provided it by SR Financial were unreliable, deceptive and incorrect.

56. Further, Equifax was being sued in at least two other Federal suits during the time Equifax continued to report the false data of SR Financial.

57. Further, Roger Schulke was being sued in at least two other Federal suits during the time Equifax continued to report the false data of SR Financial.

58. Equifax, by its willful and negligent acts and omissions, allowed defrauders access to its database.

59. As a result of the false derogatory information reported by Equifax, plaintiff sustained actual damages and injury including emotional distress, damage to his credit, and abstention from applying for credit and adverse action on application(s) for credit.

### Statement of Claims Against Equifax

60. In the entire course of its action, Equifax willfully and/or negligently violated the provisions of the FCRA in the following respects:

a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

b) By willfully and/or negligently failing to comport with FCRA section 1681i;

c) Defaming plaintiff by publishing to third parties false information regarding his creditworthiness;

d) Invading the privacy of plaintiff;

e) Failing in its duty to prevent foreseeable injury to plaintiff.

### Statement Of Claims Against Roger Schulke

61. Roger Schulke has:

a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

b) defamed Plaintiff by publishing to third parties false information regarding his creditworthiness;

c) invaded the privacy of Plaintiff;

d) violated 15 USC sections 1692d, 1692e, 1692f and 1692g;

e) committed unfair and deceptive acts against Plaintiff in the course if his business;

i) failed its duty to prevent foreseeable injury to Plaintiff.

### Statement Of Claims Against Stephen Lawrence

62. Stephen Lawrence has:

a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA section 1681s-2(b);

b) defamed Plaintiff by publishing to third parties false information regarding his creditworthiness;

c) invaded the privacy of Plaintiff;

d) violated 15 USC sections 1692d, 1692e, 1692f and 1692g;

e) committed unfair and deceptive acts against Plaintiff in the course if his business;

f) failed its duty to prevent foreseeable injury to Plaintiff.

### Prayer For Relief

THEREFORE, plaintiff prays that the Court grant the following relief as against defendants:

(i) actual damages;

(ii) statutory damages;

(iii) punitive damages;

(iv) attorney's fees; and

(v) costs.

Respectfully submitted,

Complaint                                                                 10

DATED this **31** day of March 2008.

*Andrew J. Ogilvie*
Andrew Ogilvie
Of Attorneys for Plaintiff

**RENEWED DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues.

Dated: March **31** 2008

KEMNITZER, ANDERSON, BARRON,
OGILVIE & BREWER LLP

By *Andrew J. Ogilvie*
Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kaboblaw.com

Christopher Green
Attorney at Law
225 106th Ave NE
Bellevue WA 98101
(206) 686-4558
Fax: (206) 686-2558
Chris@MyFairCredit.com

Attorneys for Plaintiff Robert Saindon

Complaint                                                                                                         11

FTC: T.C.A., Inc.                                                                                                    Page 1 of 1

FOR RELEASE: MAY 7, 1997

## CALIFORNIA DEBT COLLECTORS TO PAY $25,000 CIVIL PENALTY TO SETTLE ABUSIVE PRACTICES CHARGES

The principal officials of a San Francisco Bay area collection agency, T.C.A., Inc., have paid $25,000 in civil penalties to settle charges that they violated the Fair Debt Collection Practices Act (FDCPA) when they or their collectors used abusive and deceptive practices in attempting to collect debts from consumers. The civil penalty settlement follows a court order permanently enjoining Stephen Lawrence and Effie Pappas, as well as T.C.A., from engaging in further violations of the FDCPA.

Today's settlement stems from Federal Trade Commission charges filed by the Justice Department in federal district court in San Francisco in May 1995. According to the complaint, the defendants' business practices included using obscene language, letting consumers' phones ring repeatedly or calling at all hours, misrepresenting that failing to pay debts would result in arrest or imprisonment, falsely representing that they were attorneys or threatening to take legal action that they did not intend to take, calling consumers at work when they knew the consumers' employers prohibited such calls, and continuing to contact consumers after the consumers exercised their legal right to request in writing that communications cease. These practices are all prohibited by the FDCPA.

Settlements with two other defendants connected to this case were filed in court at the same time as the T.C.A. complaint -- each included a cease and desist order against further FDCPA violations. Those settlements were with T.C.A.'s former senior vice president David Siebert and company attorney James R. Brown. The Brown settlement also required him to pay a $2,000 civil penalty.

In January 1997, the district court issued a partial summary judgment holding T.C.A., Lawrence and Pappas liable for the alleged FDCPA violations and permanently barring them from further violations. At that time, the court left open the issue of the personal liability of Lawrence and Pappas for civil penalties. The amount of civil penalties for T.C.A. is still at issue.

The settlement with Lawrence and Pappas actually imposes a $100,000 civil penalty judgment, but the language of the settlement allowed $75,000 to be suspended so long as they paid the remaining $25,000 by April 30, which they did. The settlement was filed in U.S. District Court for the Northern District of California, by the Department of Justice at the FTC's request, and entered on April 17. The Federal Trade Commission vote to authorize filing was 5-0. This case was handled by the FTC's San Francisco Regional Office.

NOTE: This consent judgment was for settlement purposes only and does not constitute an admission by the defendant of a law violation. Consent judgments have the force of law when signed by the judge.

# EXHIBIT 1

E-filing
BZ

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I.(a) PLAINTIFFS**
Robert Saindon

**DEFENDANTS**
Equifax Information Services LLC, Roger Schulke dba S R Financial Services, Stephen Lawrence dba S R Financial Services

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Roosevelt County Montana
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Andrew Ogilvie; Kemnitzer, Anderson, Barron, Ogilvie and Brewer
445 Bush Street Sixth Floor San Francisco CA 94108
415 861-2265; 415 861 3151

**ATTORNEYS (IF KNOWN)**

**II. BASIS OF JURISDICTION** (PLACE AN "•" IN ONE BOX ONLY)
- 1 U.S. Government Plaintiff
- 2 U.S. Government Defendant
- X 3 Federal Question (U.S. Government Not a Party)
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "•" IN ONE BOX FOR PLAINTIFF
(For diversity cases only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

**IV. ORIGIN** (PLACE AN "•" IN ONE BOX ONLY)
- X 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another district (specify)
- 6 Multidistrict Litigation
- 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "•" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury Med Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce/ICC Rates/etc. |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers Liability | | 640 RR & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 810 Selective Service |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 850 Securities/Commodities/Exchange |
| 160 Stockholders Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 875 Customer Challenge 12 USC 3410 |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 891 Agricultural Acts |
| 195 Contract Product Liability | | | 720 Labor/Mgmt Relations | 862 Black Lung (923) | 892 Economic Stabilization Act |
| | | | 730 Labor/Mgmt Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 893 Environmental Matters |
| | | | 740 Railway Labor Act | 864 SSID Title XVI | 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 790 Other Labor Litigation | 865 RSI (405(g)) | 895 Freedom of Information Act |
| 210 Land Condemnation | 441 Voting | 510 Motion to Vacate Sentence Habeas Corpus: | 791 Empl.Ret. Inc. Security Act | FEDERAL TAX SUITS | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 220 Foreclosure | 442 Employment | 530 General | | 870 Taxes (US Plaintiff or Defendant) | 950 Constitutionality of State Statutes |
| 230 Rent Lease & Ejectment | 443 Housing | 535 Death Penalty | | 871 IRS - Third Party 26 USC 7609 | X 890 Other Statutory Actions |
| 240 Torts to Land | 444 Welfare | 540 Mandamus & Other | | | |
| 245 Tort Product Liability | 440 Other Civil Rights | 550 Civil Rights | | | |
| 290 All Other Real Property | | 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 15 USC sections 1681 - Abuse of Consumer by Furnisher of Information

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $  CHECK YES only if demanded in complaint: JURY DEMAND: X YES  NO

**VIII. RELATED CASE(S) IF ANY** PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)** (PLACE A "•" IN ONE BOX ONLY) • SAN FRANCISCO/OAKLAND   SAN JOSE

DATE 3/31/08

SIGNATURE OF ATTORNEY OF RECORD