Andrew J. Ogilvie (SBN 57932)
Kemnitzer, Anderson, Barron, Ogilvie & Brewer, LLP
445 Bush Street, 6th Floor
San Francisco, CA 94108
Ph: (415) 861-2265
Fax: (415) 861-3151
ajogil@kabolaw.com

Christopher Green (*pro hac vice*)
Attorney at Law
225 106th Ave NE
Bellevue WA 98101
(206) 686-4558
Fax: (206) 686-2558
Chris@MyFairCredit.com

Attorneys for Plaintiff Robert Saindon

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAINDON,<br><br>           Plaintiff,<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES LLC, ROGER SCHULKE DBA S R FINANCIAL SERVICES, AND STEPHEN LAWRENCE DBA S R FINANCIAL SERVICES<br>           Defendants. | **Case No.** 3:08-cv-01744-WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**DATE:**   July 17, 2008<br>**TIME:**    11:00 A.M.<br>**CTRM:**   9, 19TH Floor |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, counsel for Plaintiff and counsel for Equifax conferred to discuss the matters set forth in Rule 16, Rule 26(f), Local Rule 3-5, and the Court's May 16, 2008 Order Setting Initial Case Management Conference on Reassignment.  The parties hereby submit their Joint Case Management Statement:

**1.   JURISDICTION AND SERVICE**

The case is brought under the Fair Credit Reporting Act, 15 USC §§ 1681 et al.  The

Court has jurisdiction pursuant to 15 USC §§ 1681p and 1692k(d). The Court has supplemental jurisdiction pursuant to 28 USC § 1367 over the state law claims against Equifax Information Services LLC.

Equifax has been served and has answered. Roger Schulke dba S R Financial Services and Stephen Lawrence dba S R Financial Services were not served and have been dismissed without prejudice.

**2.    FACTS**

**Plaintiff**: Upon information and belief, on some day before 1998, in some manner unknown to plaintiff, an account was opened with Chevy Chase Bank. Plaintiff doesn't know if it was opened using his identity, merely an identical name, or in some other name and transferred into the name of plaintiff. Plaintiff did not open the account.

Chevy Chase Bank affirms the plaintiff is not liable for the debt and it should be deleted from his credit report. At some point after any applicable statute of limitations or obsolescence period for credit reporting passed, Roger Schulke and Stephen Lawrence bought the debt and purported to operate a collection agency named SR Financial Services in a small office in San Francisco.

In or about the spring of 2005, plaintiff applied for a credit card and was declined based on an Equifax credit report. He disputed the reporting by Equifax but it sent him a letter stating it could not find his credit report in its database. On or about June 1, 2005, plaintiff again attempted to dispute the account using a phone number provided by Equifax for credit report disputes.    In or about January 2006 plaintiff again received a notice of adverse action related to an Equifax credit report after applying for credit; this discovery began a long frustrating ordeal for the plaintiff.

In or about March 2006 plaintiff sent Equifax a dispute regarding the derogatory information contained in his Equifax credit report. There was no response.

In or about May 2006 plaintiff once again disputed to Equifax, the false information it was reporting on his credit report. In or about June 2006 Equifax responded to plaintiff that it had no credit file on him, and did no investigation but continued to report false, defamatory information on his credit report.

In or about July 2006 plaintiff was denied another loan.

Upon information and belief, Roger Schulke and Stephen Lawrence's collection operation consisted primarily of a small, approximately 10 foot by 20 foot office on the second floor of an office building in San Francisco. The office has a single phone line and there is no staff present in the office. Upon information and belief, the portfolio of debt they bought was almost worthless as it was of doubtful legitimacy and further was beyond the statute of limitations if any of the debt was legitimate. The only way Roger Schulke and Stephen Lawrence can collect the debt is to illegally list the account on the consumer reports of consumers and reverify the debt to credit reporting agencies. This scheme also allows them to find the current address (provided by Equifax during the consumer dispute verification process) of their victims in order to send dunning letters.

In or about August 2006 plaintiff wrote to Montana and California Departments of Justice to complain of the reporting by Equifax and this was forwarded to Equifax. However, in September 2006, plaintiff requested a copy of his Equifax credit report and found it was still listing the false derogatory Chevy Chase account information furnished by SR Financial. In or about October 2006 Equifax investigated plaintiff's dispute, contacted SR Financial and then reverified the false defamatory information

In or about October 2006 plaintiff wrote another dispute to Equifax disputing the debt. In or about October 2006 Equifax responded that it had deleted the credit report entry by SR Financial. But in November 2006 Equifax reinserted the SR Financial account into plaintiff's credit report.

...

Section 1681c of the FCRA bars a consumer reporting agency from reporting on a consumer's report all accounts placed for collection or charged to profit and loss that antedate the report by more than seven years or any adverse item of information which antedates the report by more than seven years.

Plaintiff made exhaustive attempts to resolve the false reporting by contesting the entry directly in writing and by phone with Chevy Chase Bank, state law enforcement offices in Montana and California, Equifax, SR Financial and other entities over the past two years.

Equifax's actions in reporting SR Financial's false information was negligent, doing so after notice by plaintiff was willful.

Regarding their credit reporting efforts, Roger Schuke and Stephen Lawrence have been sued and defaulted in several suits in US District Courts which Equifax could have known.

Plaintiff alleges that Equifax failed to conduct any reasonable investigation, merely parroting Roger Schulke and Stephen Lawrence and that it does not maintain its consumer report data with the maximum possible accuracy.

As a result of the false derogatory information reported by Equifax, plaintiff sustained actual damages and injury including emotional distress, damage to his credit, denials of credit and abstention from applying for credit and adverse action on application(s) for credit.

**Equifax**: Equifax denies Plaintiff's claims and maintains that at all times it employed reasonable procedures in preparing Plaintiff's credit reports. Equifax also maintains that it conducted a reasonable reinvestigation of Plaintiff's disputes. Equifax also denies it disclosed Plaintiff's credit file information to a third-party without a permissible purpose based on the information provided to it by its subscriber(s). As a result, Equifax did not cause any damages alleged by the Plaintiff.

**3.    LEGAL ISSUES**

**Plaintiff**: The FCRA provides that Equifax must "follow reasonable procedures to assure maximum possible accuracy of the information" it maintains concerning Mr. Saindon under 15 USC § 1681e(b) and also it must conduct a reasonable investigation of Mr. Saindon's disputes under 15 USC § 1681i.

**Equifax**: Equifax denies Plaintiff's claims. Equifax maintains that it employed reasonable procedures in preparing credit reports on Plaintiff and in conducting any reinvestigations of his disputes.

**4.    MOTIONS**

Equifax anticipates filing a motion for summary judgment, motions in limine, and a motion for protective order (if Plaintiff seeks confidential or trade secret/proprietary information).

**5.    AMENDMENT OF PLEADINGS**

**Plaintiff**: Mr. Saindon continues to suffer damages as a result of the violations alleged in the complaint. If the Court deems it necessary, he requests leave to amend at the close of discovery to specify all damages he has suffered as a result of the actions complained of, including damages that may be incurred between now and the time of trial. The damages flow from the actions alleged in the complaint, but they are ongoing and may continue to accrue. He also may seek amendment to have the complaint simplified by having the dismissed defendants deleted.

**Equifax**: After the parties engage in discovery, Equifax will be able to better ascertain the necessity of adding the alleged imposter to this suit.

6. **EVIDENCE PRESERVATION**

**Plaintiff**: Mr. Saindon has preserved all evidence of which he is aware.

**Equifax**: Equifax is aware of its responsibility under the Federal Rules to preserve evidence relevant to the issues reasonably evident in this action, and is not aware of any document- or data-destruction program that would prevent it from fulfilling its responsibilities.

7. **DISCLOSURES**

**Plaintiff:** Mr. Saindon has made full and timely initial disclosures by July 7, 2008. The information will include the names and addresses (and phone numbers when known) of all witnesses known to him, with a brief description of the subject matter of each such witness, together with copies of all his documents.

**Equifax:** Equifax made its initial disclosures on July 10, 2008 by agreement with Plaintiff.

8. **DISCOVERY**

　　a. **Changes in timing, form or requirement for Rule 26(a) disclosures**

**Plaintiff**: No changes are needed.

**Equifax:** Equifax made its initial disclosures July 10, 2008 by agreement with Plaintiff. Equifax is currently unaware of any need to change the usual limitations on discovery. Equifax proposes that, in the event either side comes to believe it needs to conduct additional discovery, the parties should meet and confer at that time to attempt to reach agreement about the additional discovery. To the extent that the parties can agree there is a legitimate need for additional discovery, the parties will propose a stipulated change to the normal limits for the Court's

approval. If no agreement can be reached, the requesting party can bring a motion at that time for permission to expand the limits.

**b.    Subjects on which discovery is needed, etc.**

**Plaintiff**: Mr. Saindon will serve interrogatories and document demands on the CRA.

Mr. Saindon needs discovery from the CRA to learn what it did with respect to the information it maintains on Mr. Saindon and what its procedures are. Also, he needs discovery relating to the CRA's reinvestigation of the information he disputed in his credit files. He intends to follow up the initial round of discovery with additional interrogatories and document demands where needed and depositions of the CRA's corporate representatives and the employees who actually worked on his file.

Mr. Saindon suggests that discovery remain open until January 15, 2009.

**Equifax:**    Equifax anticipates that it will seek fact discovery regarding any communication by Plaintiff with respect to his credit report, any subsequent communication between him and SR Financial and/or Roger Schulke and Stephen Lawrence. Equifax believes that discovery will be needed on the following factual issues:

- Facts and circumstances surrounding the alleged theft of Plaintiff's personal identifiers.
- Facts and circumstances surrounding the alleged imposter's use of Plaintiff's personal identifiers.
- Facts and circumstances surrounding Plaintiff's alleged dispute of credit information to Defendant.
- Facts and circumstances surrounding the respective Defendant credit reporting agencies' reports of credit information related to Plaintiff.
- Facts and circumstances surrounding the notification of a dispute to and conduct of investigation by the respective Defendant furnishers of information.
- Whether Defendant Equifax negligently and/or willfully violated the Fair Credit Reporting Act as it pertains to credit reporting agencies.

- The damages suffered by Plaintiff and whether any damages were caused by negligent acts or omissions of the respective Defendants.
- Whether Plaintiff is comparatively at fault for or failed to mitigate any resulting damages.
- Whether any Defendant may be liable for punitive damages under the Fair Credit Reporting Act.
- Whether any Defendant may be immune, in whole or in part, from the Plaintiff's claims under the Fair Credit Reporting Act.
- Whether the Plaintiff's claims, whole or in part, are subject to a privilege or qualified privilege.
- Whether the Plaintiff's claims are precluded by the statute of limitations and/or the doctrine of laches.

    **c.** **Electronically stored information**

The parties agree that any responsive electronically stored information be produced in hard copy.

    **d.** **Changes in the limitations on discovery**

None are requested at this time.

**9.** **CLASS ACTIONS**

Not applicable.

**10.** **RELATED CASES**

None.

**11.** **RELIEF**

**Plaintiff:** Mr. Saindon seeks damages for his out of pocket expenses, lost wages, abstention from applying for credit, denials of credit, emotional distress, embarrassment and humiliation. He seeks attorneys fees and costs in addition to compensatory and punitive damages. Only a jury can determine what is the appropriate amount of such damages. Mr. Saindon also seeks attorney fees pursuant to the fee provisions of the FCRA.

**Equifax :** Equifax denies that Plaintiff is entitled to any relief.

**12.** **SETTLEMENT AND ADR**

There have been no ADR efforts to date. On June 23, 2008, the parties who have appeared executed and filed their Stipulation And [Proposed] Orders Selecting ADR Process. The parties

agreed to attend mediation by in accordance with the orders of this Court for implementation of mediation. Parties intend to complete mediation by October 17, 2008.

### 13. CONSENT TO MAGISTRATE JUDGE

**Plaintiff:** Mr. Saindon would be willing to consent to have a Magistrate Judges conduct all further proceedings, provided the parties can agree upon the Magistrate Judge to whom it would be transferred.

**Equifax:** Equifax does not agree to have this matter transferred to a Magistrate Judge.

### 14. OTHER REFERENCES

This case is not suitable for such references.

### 15. NARROWING OF ISSUES

The parties are unable to narrow the issues, as the parties have not yet conducted discovery.

### 16. EXPEDITED SCHEDULE

Not applicable or possible.

### 17. SCHEDULING

**Plaintiff:**

| | |
|---|---|
| Discovery Cutoff: | February 1, 2009 |
| Hearing for Dispositive Motions: | March 1, 2009 |
| Designation of Experts: | December 15, 2008 |
| Pretrial Conference: | May 21, 2009 |
| Trial: | June 1, 2009 |

**Equifax:**

| | |
|---|---|
| Discovery Cutoff | February 1, 2009 |
| Hearing for Dispositive Motions: | March 1, 2009 |
| Designation of Experts: | January 15, 2009 |
| Pretrial Conference: | May 21, 2009 |
| Trial: | June 1, 2009 |

**18. TRIAL**

**Plaintiff:** Mr. Saindon has demanded a jury trial. He expects the trial will last about 3 court days.

**Equifax:** Equifax believes that a trial would be completed in approximately 3 to 4 court days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff:** Mr. Saindon has no such persons to disclose.

**Equifax:** Equifax has filed their "Certification of Interested Entities or Persons."

**20. OTHER MATTERS**

None.

Dated: July 10, 2008        /s/ Andrew Ogilvie
                            Andrew Ogilvie, Attorney for Plaintiff Robert Saindon

Dated: July 10, 2008        /s/ Thomas P. Quinn, Jr.
                            Thomas Quinn, Attorney for Defendant Equifax Information
                            Services LLC

      Case No. 3:08-cv-01744-WHA