IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT SAINDON,<br><br>    Plaintiff,<br><br>  v.<br><br>EQUIFAX INFORMATION SERVICES,<br><br>    Defendant.<br>                                                         / | No. C 08-01744 WHA<br><br>**ORDER DENYING DEFENDANT EQUIFAX'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

**INTRODUCTION**

In this Fair Credit Reporting Act case, defendant Equifax Information Services moves for partial summary judgment on plaintiff Robert Saindon's FCRA, state law defamation, invasion of privacy and failure to prevent foreseeable injury claims. For the reasons stated below, defendant's motion is **DENIED**.

**STATEMENT**

Plaintiff filed a complaint against defendants Equifax, Roger Shulke, and Stephen Lawrence on March 16, 2008. After defendants Roger Shulke and Stephen Lawrence were dismissed without prejudice, defendant Equifax brought this motion for partial summary judgment. Defendant Equifax is the only remaining defendant.

The parties agree on the following facts. The claims at issue in the motion stem from a denial of a Conoco credit card in March 2005, the denial of a Wells Fargo line of

1  credit in January 2006, and the denial of a loan from First Community Bank on May 16, 2006.
2  These denials were all due to a credit report — furnished by defendant Equifax — which
3  contained an erroneous entry by SR Financial Services.  After denying credit to plaintiff,
4  Wells Fargo sent plaintiff a letter on January 17, 2006, stating that it based its denial on a
5  "collection action, judgment, tax lien, or charge off" that was on plaintiff's Equifax report.
6  Wells Fargo also informed plaintiff in a later phone call that the decision was based on an entry
7  reported by Chevy Chase Bank, though the date of this phone call is unknown.  When plaintiff
8  requested his credit report from defendant after the first Conoco credit card denial, Equifax did
9  not provide it.  Plaintiff contacted Equifax again after the second Wells Fargo denial, and again
10 did not receive his credit report (although Equifax claims this was due to plaintiff not providing
11 them with sufficient identification information).  After plaintiff finally received a copy of his
12 credit report from First Community Bank upon being denied credit there, he conducted his own
13 investigation and discovered the source of the erroneous entry was from SR Financial Services.
14 At that point, he sent Equifax various documents supporting his claim that the entry was
15 erroneous.  Equifax eventually removed it, but subsequently placed it back on his credit report
16 after its investigation of the matter.

17        The parties disagree on the following.  Plaintiff alleges that he did not receive any
18 response from Equifax on multiple occasions when trying to obtain his credit report.  He alleges
19 that Equifax failed to act on various indicators that SR Financial was giving false information,
20 particularly that SR Financial had an "unsatisfactory report" from the Better Business Bureau,
21 as well as information Equifax received from the general counsel to Chevy Chase Bank and
22 Equifax's own investigator located in Costa Rica (Saindon Decl. ¶¶ 6–20).  Plaintiff asserts
23 that the lack of procedures to properly provide his credit report, prevent and respond to the
24 information he provided, as well as an unreasonable lack of monitoring procedures, made
25 defendant's actions reckless.

26        Defendant asserts that it has reasonable procedures in place to maximize accuracy in its
27 credit reports, including both automated and manual investigatory processes (Croswell Decl.
28 ¶¶ 3–15).  Defendant asserts that when it was unable to find plaintiff's credit report the second

United States District Court

For the Northern District of California

1 time, it requested more information from plaintiff which would have enabled them to find and
2 provide plaintiff's report to him in a timely fashion (Fluellen Dep. 13–4, 26).

**ANALYSIS**

4 Defendant makes three arguments in its motion for partial summary judgment. *First*, it
5 argues that all claims arising prior to March 31, 2006, are barred by the FCRA's statute of
6 limitations. *Second*, it claims that plaintiff has not brought any evidence to support his claim
7 of willful violation of the FCRA, and thus is not entitled to punitive damages under 15 U.S.C.
8 1681n. *Third*, it argues that plaintiff's defamation, invasion of privacy, and failure to prevent
9 foreseeable injury claims are preempted by the FCRA under 15 U.S.C. 1681h(e).

10 Summary judgment is proper when "the pleadings, depositions, answers to
11 interrogatories, and admissions on file, together with affidavits, if any, show that there is no
12 genuine issue as to any material fact and that the moving party is entitled to a judgment as a
13 matter of law." Fed.R.Civ.P. 56(c). In a motion for summary judgment, "[if] the moving party
14 for summary judgment meets its initial burden of identifying for the court those portions of the
15 materials on file that it believes demonstrate the absence of any genuine issues of material fact,
16 the burden of production then shifts so that the non-moving party must set forth, by affidavit or
17 as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial."
18 See *T.W. Elec. Service, Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)
19 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). In judging evidence at the summary
20 judgment stage, the Court does not make credibility determinations or weigh conflicting
21 evidence, and draws all inferences in the light most favorable to the non-moving party.
22 *See T.W. Electric*, 809 F.2d at 630–31 (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio
23 Corp.*, 475 U.S. 574, 106 S.Ct. 1348 (1986)); *Ting v. United States*, 927 F.2d 1504, 1509
24 (9th Cir. 1991).

25 **1.    STATUTE OF LIMITATIONS.**

26 Defendant first argues that some of plaintiff's claims are barred by the FCRA's statute
27 of limitations. Under 15 U.S.C. 1681p, an action to enforce any liability may be brought not
28 later than the earlier of (1) two years after the date of discovery by the plaintiff of the violation

3

1  that is the basis for such liability; or (2) five years after the date on which the violation that is
2  the basis for such liability occurs.  The complaint was filed March 31, 2008, so if the two-year
3  statute of limitations applies, the discovery of the violation would have to occur after March 31,
4  2006, to not be time-barred.  The "violation" here is the placement of inaccurate information on
5  plaintiff's credit report and the procedures that enabled that, rather than any actual inaccurate
6  report provided to any user that damaged plaintiff.

7        The main issue, then, becomes when exactly did plaintiff "discover" the violations, and
8  if the date of that discovery makes the complaint untimely, does equitable tolling possibly save
9  the claims?  Contrary to defendant's argument, it is not enough to say the "violations" occurred
10 before March 31, 2006.  The statute clearly states that the clock begins to run when plaintiff
11 "discovers" the violations.  At the hearing, much attention was paid to a phone call from
12 Wells Fargo made to plaintiff that is mentioned in plaintiff's deposition.  Plaintiff stated in his
13 deposition that he was told by Wells Fargo that there was a collection from Chevy Chase Bank
14 on his Equifax report (Saindon Dep. 131–2).  Defense counsel argued at the hearing that this
15 was dispositive evidence that plaintiff had discovered all vital information he needed for his
16 claim, and thus the clock for the statute of limitations started upon this discovery.  When the
17 Court asked defense counsel for the exact date of when the phone call occurred, defense counsel
18 was unable to provide the date.  The Court then granted leave to defense counsel to submit
19 additional deposition testimony that would show the date that the phone call occurred.  After the
20 hearing, defense counsel was ultimately unable to locate any evidence.  Without evidence of the
21 date, the issue becomes a question of fact for a jury.  A jury could reasonably find that the
22 phone call took place before March 31, 2006, which could make the claim time-barred if it also
23 determined this constituted discovery of the violation, or it could find that the phone call took

4

1 place after March 31, 2006, in which case it would be irrelevant to the statute of limitations
2 issue. A jury will have to decide.[1]

3 In addition, summary judgment would be denied even if this order held that plaintiff "discovered" the violations as early as his first denial of credit in March 2005. Both parties do agree that plaintiff requested his credit report from defendant after being denied the Conoco credit card. The denial of credit did cause plaintiff to realize that something was wrong with his credit report, and with this discovery the clock could have begun to run for the statute of limitations. If this were enough to show plaintiff "discovered" the violation, it would make the complaint untimely, as the limitations period would end in March 2007, and the complaint was not filed until March 2008. Plaintiff, however, brings enough evidence to show that a jury could find that his claim is saved by equitable tolling, which applies where,

> despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim, or where the party invoking the doctrine has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. The doctrine is not available to avoid the consequence of one's own negligence, when a late filing is due to claimant's failure to exercise due diligence in preserving his legal rights.

*Hensley v. United States*, 531 F.3d 1052, 1057–58 (9th Cir. 2008) (internal citations omitted).

A jury could reasonably conclude that the claims were tolled until May 16, 2006 — which was the point when plaintiff became aware of the actual erroneous SR Financial entry — when he finally saw his Equifax report after being denied a home loan by First Community Bank. This was potentially the first time he was able to receive any relevant information regarding the actual content of his credit report from any source. Previous to this, plaintiff had been denied the loan from Wells Fargo and the credit card from Conoco, but was unsuccessful in two attempts over a ten-month period in receiving information from Equifax. It was not until he obtained his credit report from First Community Bank — a third party — did plaintiff

---

[1] In lieu of any evidence for the date of the phone call, defense counsel submitted the denial letter from Wells Fargo dated January 17, 2006, stating that the decision was based on a "collection action, judgment, tax lien, or charge off" on his Equifax report. Drawing all reasonable inferences in favor of plaintiff, a jury could find that this letter was too vague to establish "discovery" of the actual erroneous entry in his credit report. Even assuming it did establish discovery, a jury could alternatively find that discovery on this date was tolled for the reasons stated below, which means issues of material fact remain.

5

1 become aware of the specific inaccuracies in his credit report that give rise to his claims, as
2 opposed to merely being on notice of a possible violation of his rights under the FCRA.

3 Plaintiff brings sufficient evidence such that a jury could conclude that he displayed due
4 diligence in trying to obtain vital information bearing on the existence of his claim and did not
5 discover the vital information until after March 31, 2006. Thus, the jury could conclude that the
6 statute of limitations was tolled until that information was obtained. Summary judgment is
7 inappropriate based on the existence of genuine issues of material fact.[2]

### 2.  PUNITIVE DAMAGES UNDER 15 U.S.C. 1681.

In his complaint, plaintiff claims that he is entitled to punitive damages because defendant Equifax failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates, particularly in its failing to maintain procedures to correct his file after he disputed the SR Financial collection. 15 U.S.C. 1681e(b). To be entitled to punitive damages under 15 U.S.C. 1681e(b), a consumer must show that the defendant acted in "reckless disregard of [its] statutory duty." *Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201, 2208. To meet the recklessness standard, plaintiff must show that defendant undertook "an action entailing 'an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Id*. at 2215. Defendant asserts that it is entitled to summary judgment because it has shown that there are no issues of material fact that it did not act recklessly.

Defendant has not met its burden. In its motion and declarations, it does lay out a string of application procedures that include both automated and manual checks by the agency. But giving all reasonable inferences to the plaintiff, the monitoring and reinvestigation procedures could be seen as quite limited. The procedures could be seen by a jury as merely basic automated checks that catch missing data fields on submitted forms, which do not go to

---

[2] Defendant also mentions that any "claims" alleged by plaintiff arising from defendant mishandling plaintiff's credit file in May 2005, and failing to respond to a letter plaintiff sent to defendant on March 10, 2006, should be barred by the statute of limitations as well. Again, as a jury could find that plaintiff was doing due diligence in trying to discover the facts related to Equifax's violations of the FCRA and thus the statute of limitations was tolled, summary judgment is improper.

6

1  the heart of whether a source of information is trustworthy. For example, when a consumer
2  files a complaint contesting the accuracy of an item on his or her credit report, the sole action
3  taken by Equifax is to contact the source of the information to verify if it is accurate. If the
4  source says that it is, the inquiry ends (Rittelmeyer Decl. ¶ 8.). This does virtually nothing to
5  determine the actual credibility of the source — which is what plaintiff asserts is lacking — or
6  so a jury could reasonable conclude. While defendant does have some procedures that include a
7  manual review of some disputes, a jury could reasonably find that almost none of the
8  procedures include a review of the integrity of the information source itself. As there are still
9  material facts remaining regarding the recklessness of defendant's procedures, summary
10 judgment is denied for this claim.

### 3. PREEMPTION OF STATE LAW CLAIMS.

Finally, defendant moves for summary judgment of plaintiff's state law claims of defamation, invasion of privacy, and failure to prevent foreseeable injury to plaintiff. It asserts that under the FCRA, there is a limitation of liability that prevents a consumer from asserting a claim for defamation, invasion of privacy, or negligence with respect to the reporting of a consumer's information unless it was furnished with malice or willful intent to injure the consumer. *Gorman v. Wolpoff & Abramson, LLP*, 552 F.3d 1008, 1027–8 (9th Cir. 2009). Both parties agree that the proper standard for malice is whether the information was furnished with reckless disregard of whether it was false or not.

To obtain summary judgment on the preemption issue, defendant Equifax must show that there is no issues of material fact that it did not furnish the credit report of plaintiff to any user with malice, *i.e.*, with reckless disregard of whether it was true or not. This it does not do. This order has already found that there are triable issues of material fact regarding Equifax's recklessness in its procedures in the punitive damages section, which if found true by a jury, would make the furnishing of plaintiff's report to users necessarily done "with malice." Thus, defendant has not met its burden in showing the lack of genuine issues of material fact. Summary judgment is denied for preemption.

7

**CONCLUSION**

For the reasons stated above, summary judgment is **DENIED** for all claims.

**IT IS SO ORDERED.**

Dated: April 17, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE